**In the Matter of the New-Used Motor Vehicle Dealer's License of Dick and LaVonne NOREN, dba Central R.V. Sales.**

**No. 16521.**

Supreme Court of Utah.

Dec. 2, 1980.

Robert B. Hansen, Atty. Gen., Mark K. Buchi, Asst. Atty. Gen., Salt Lake City, for appellant.

Dick and LaVonne Noren, pro se.

WILKINS, Justice:

Dick and LaVonne Noren applied to the Administrator of the Utah Motor Vehicle Business Administration (hereafter "appellant") for a license to do business as a dealer in new and used motor vehicles. Dick Noren had been convicted in 1958 of failure (as a dealer) to deliver a certificate of title, and again, in 1977, of acting as a dealer without a license. He advised appellant of these two convictions. Section 41–3–8[1] provides that the appellant is authorized to deny a license if an individual partner of the applicant has been convicted of violating any provision of the licensing act. Both of Noren's convictions constitute misdemeanors under the act.

On March 15, 1979, appellant issued his written decision denying the license, based on Noren's previous convictions. On April 10, 1979, the Fifth Circuit Court, Salt Lake County, granted Noren's petition filed in that Court, to set aside his previous convictions, pursuant to Section 77–35–17. On April 16, 1979, Noren filed a petition in the District Court for Salt Lake County for an original action to determine the matter of his application for a dealer's license, pursuant to Section 41–3–26, arguing that he had no prior convictions as they had been expunged.

The District Court concluded that it had original jurisdiction under Section 41–3–26, and could consider the evidence that the convictions had been expunged. Since, because of the expungement, there was no evidence before that Court of any prior convictions under the act, the District Court issued its order directing appellant to issue the license applied for. Affirmed. No costs awarded.

■ Appellant argues that the Court erred in excluding evidence of Noren's previous convictions as those convictions cannot be expunged under Section 77–35–17; rather, he contends expungement can occur only under Section 77–35–17.5.

Appellant also contends, as a corollary, that Noren's criminal record, at minimum,

can be considered as evidence of bad moral character, and the license to do business as a dealer can, on that basis, be denied. In *State v. Chambers*, Utah, 533 P.2d 876 (1975), this Court stated:

However, in relation to 77–35–17, it [expungement] has become fastened in our law by decision and practice as descriptive of what the court can do under that statute. In this sense it is expressive of cancel, revoke, set aside.

We believe this case is dispositive, and that expungement here has occurred. That being so, we do not reach appellant's argument that the Administrator or Motor Vehicle Business Licenses could deny a license on the grounds of proven dishonesty or bad moral character.

■ Appellant also argues that the District Court, in reviewing an administrative decision, may consider only whether appellant acted within his statutory powers or abused his discretion, and evidence which was not available to him cannot be considered. He contends the facts and the law must be applied as they existed at the inception of the lawsuit, which was in this case, he asserts, the original application for license.

Section 41–3–26 provides:

Should the applicant for a license or a license holder desire to appeal from the decision of the administrator, he shall, within thirty days file an *appeal* bond with the administrator in the sum of one hundred dollars ($100.00) conditioned for the payment of costs and the prosecution of such *appeal* without delay and shall file an *original action* in the district court, provided, however, that no such original action shall operate as a supersedeas, and pending a final determination of the matter, the applicant for a license or the licensee affected by the administrator's decision shall be bound thereby (emphasis added).

Though the statute speaks of "appeal," we interpret the words "original action" to reveal an intent on the part of the legisla-

---

1. All statutory references are to Utah Code Ann., 1953, as amended.

ture that the action in District Court proceed as a trial de novo, at which evidence in addition to that produced at the administrative hearing may be admitted.[2] And as an original action, the District Court, having original jurisdiction,[3] should apply the law to the facts existing as of the date of the initiation of the action in District Court.

MAUGHAN, HALL and STEWART, JJ., concur.

CROCKETT, Chief Justice (concurring with comments):

I concur, offering this comment. Though Sec. 41–3–26 speaks of the review in terms of being an "appeal" and uses that term three times, it also refers to the proceeding as an "original action." Under standard rules of statutory construction, any person adversely affected by a statute is entitled to the most favorable view to his interest and to have it strictly applied against the authority imposing it. On that basis, I resolve my puzzlement about the ambiguity in this statute and concur on the basis stated in the main opinion.

2. *United States v. District Court*, 121 Utah 1, 238 P.2d 1132 (1951); *State v. Johnson*, 100 Utah 316, 114 P.2d 1034 (1941).

